

FILED

NOV - 8 2011

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FRANCISCO GONZALES,<br><br>    Petitioner,<br><br>vs.<br><br>JANET NAPOLITANO, Secretary of Homeland Security, et al.,<br><br>    Respondents. | CASE NO. 10-CV-2574 BEN (JMA)<br><br>**ORDER:**<br><br>**(1) TRANSFERRING CASE TO THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT AS A PETITION FOR REVIEW**<br><br>**(2) DENYING MOTION FOR STAY OF REMOVAL** |

Presently before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. For the reasons set forth below, to the extent that Petitioner challenges the reinstatement of his removal order, this action is **TRANSFERRED** to the Ninth Circuit. To the extent that Petitioner seeks a stay of removal, Petitioner's request is **DENIED**.

## BACKGROUND

Petitioner is a native and citizen of El Salvador. (Return, Exh. at 14; Petition ¶ 7.) Around 1988, Petitioner entered the United States illegally, and in 1996, he obtained lawful permanent resident status. (Return, Exh. at 14.) Petitioner lost his lawful permanent resident status after he was convicted of possession of cocaine in 2002. (*Id.* at 1-9.) The Immigration Judge ("IJ") determined that Petitioner had been convicted of an aggravated felony, and on September 22, 2004, ordered Petitioner removed from the United States to El Salvador. (*Id.* at 20-21; Petition ¶ 14.) On December 22, 2004,

the Department of Homeland Security ("DHS") removed Petitioner from the United States to El Salvador. (Return, Exh. at 24.)

Petitioner re-entered the United States without inspection and admission. (Petition ¶ 1.) DHS apprehended him on July 16, 2006. (Return, Exh. at 48-53.) On January 17, 2007, Petitioner was convicted by guilty plea of illegal re-entry after removal, and sentenced to 10 months in prison and two years of supervised release. (*Id.*) On September 17, 2006, DHS reinstated his removal order, and removed him a second time from the United States to El Salvador on August 10, 2007. (*Id.* at 28, 59.)

Petitioner again re-entered the United States without inspection and admission, and was apprehended in Arizona. (*Id.* at 62-73.) Petitioner's supervised release was revoked and he was sentenced to eight months in prison. (*Id.* at 60-61.) On January 25, 2010, DHS reinstated his removal order, and he was removed from the United States to El Salvador for a third time in February 2010. (*Id.* at 64-67.)

On July 11, 2010, DHS re-apprehended Petitioner in California. (*Id.* at 72-78.) Petitioner was convicted of illegal re-entry after removal on September 14, 2010, and sentenced to 90 days in prison. (*Id.* at 79.) On October 8, 2010, DHS reinstated his removal order, and prepared to remove him from the United States to El Salvador. (*Id.* at 68-71, 80-82.) Pursuant to 8 U.S.C. § 1252(b)(2), Petitioner had 30 days to file a petition for judicial review of the reinstatement of his removal order. Petitioner, however, did not seek appellate review until December 8, 2010, in *Gonzales v. Holder*, No. 10-2370 (4th Cir.). (*Id.* at 83-98, 110-11.) On December 17, 2010, the Fourth Circuit granted the Government's motion to dismiss. (*Id.* at 99-109.)

Petitioner brought the present petition for habeas corpus on December 15, 2010. (Docket No. 1.) On January 27, 2011, Respondent filed a Return in opposition to the Petition. (Docket No. 4.) Petitioner did not file a traverse.

## DISCUSSION

First, Petitioner challenges the reinstatement of his 2004 removal order on the basis that, today, he would be eligible to apply for cancellation of removal. In 2004, the IJ ruled that Gonzales was not eligible to apply for cancellation of removal because his conviction for possession of cocaine constituted an aggravated felony. Petitioner seeks to challenge his 2004 removal order on the basis

that in 2006, the Supreme Court ruled that convictions such as his, for possession of cocaine, are not aggravated felony convictions. *See Lopez v. Gonzales*, 549 U.S. 47, 60 (2006).

Judicial review of removal orders is governed by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005). Under the REAL ID Act, any challenge to Petitioner's removal order must be directed to the applicable court of appeals:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, . . . *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28.

8 U.S.C. § 1252(a)(5) (emphasis added). Petitioner is subject to a reinstated removal order, pursuant to 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8. Upon the reinstatement of his removal order on October 8, 2010, Petitioner had 30 days to petition for review by the appropriate court of appeals. *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008); *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007). Petitioner, therefore, may not challenge his removal order in this Court. However, the REAL ID Act also requires district courts to transfer all habeas petitions brought by aliens that were pending before the district court on the effective date of the REAL ID Act (May 11, 2005) to the appropriate circuit court. Pub. L. No. 109-13, 119 Stat. 231, § 106(a); *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052-53 (9th Cir. 2005). To the extent that Petitioner challenges the reinstatement of his removal order, this action is **TRANSFERRED** to the Ninth Circuit.

Second, Petitioner seeks a stay of removal pending the Fourth Circuit proceeding in appeal No. 10-2370. There is no longer any relief the Court may award Petitioner, as the Fourth Circuit proceeding has been dismissed. *See Abdala v. Immigration & Naturalization Serv.*, 488 F.3d 1061, 1063 (9th Cir. 2007) ("At any stage of the proceeding a case becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution." (internal quotation marks omitted)). Accordingly, this Court lacks subject matter jurisdiction to grant Petitioner a stay of removal. Petitioner's request for a stay of removal is **DENIED**.

## CONCLUSION

To the extent that Petitioner challenges the reinstatement of his removal order, this action is **TRANSFERRED** to the Ninth Circuit. To the extent that Petitioner seeks a stay of removal pending the Fourth Circuit proceeding in appeal No. 10-2370, Petitioner's request is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 07, 2011

HON. ROGER T. BENITEZ
United States District Court Judge